UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
AUG 13 2003
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 03-206 - KSF

UNITED STATES OF AMERICA
COMMONWEALTH OF KENTUCKY                                          PLAINTIFFS

VS.                          SCHEDULING ORDER

DAIRY FARMERS OF AMERICA, INC.                                    DEFENDANTS
SOUTHERN BELLE DAIRY CO., LLC

\* \* \* \* \* \* \* \* \* \*

Pursuant to Federal Rule of Civil Procedure 16, the Court, having considered the joint report of the parties' meeting, hereby ORDERS:

(1) NO LATER THAN DECEMBER 30, 2003, counsel for the parties shall DISCLOSE the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2) and shall DISCLOSE WITHIN 30 DAYS THEREAFTER the identity of expert witnesses and written reports if the evidence is intended SOLELY to contradict or rebut other expert witnesses;

(2) NO LATER THAN MARCH 30, 2004, counsel for the parties shall complete all pretrial discovery and shall FILE all motions to amend pleadings;

(3) NO LATER THAN APRIL 30, 2004, counsel for the parties shall FILE all dispositive motions;

(4) NO LATER THAN JULY 30, 2004, counsel shall FILE with the Clerk an original, shall SUBMIT a copy to the Court's Chambers, and shall PROVIDE a copy to opposing counsel of the following:

(a) pursuant to Rule 26(a)(3)(A), a WITNESS LIST with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(B), the witness list shall INCLUDE the designation of those witnesses whose testimony is expected to be presented by deposition WITH REFERENCES TO THE PAGES AND THE QUESTIONS TO BE PRESENTED; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b) pursuant to Rule 26(a)(3)(C), a LIST OF EXHIBITS intended to be used at trial; and

(c) a PRETRIAL MEMORANDUM containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions;

(5) NO LATER THAN JULY 30, 2004, counsel shall PRE-MARK all exhibits with the appropriate exhibit sticker with NUMBERS IN THE ORDER TO BE INTRODUCED AT TRIAL and shall PROVIDE copies of such exhibits to opposing counsel;

(6) NO LATER THAN AUGUST 6, 2004, counsel shall conduct a good faith settlement conference; and, if this action is settled by the parties, counsel shall promptly notify the Court;

(7) NO LATER THAN AUGUST 6, 2004, counsel shall FILE with the Clerk, shall SUBMIT a copy to the Court, and shall PROVIDE a copy to opposing counsel of any objections, and responses to same, to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3); objections not disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed WAIVED unless excused by the Court for good cause shown. Objections to the admissibility of exhibits shall contain the exhibit number and a brief description of the exhibit. A copy of any documentary exhibit, to which objections to admissibility have been filed, shall be furnished to the Court;

(8) this action is ASSIGNED for PRETRIAL CONFERENCE on MONDAY, AUGUST 16, 2004, AT 9:00 A.M. **AT LEXINGTON**; the attorneys who will be trying this action and the parties to this action shall be present at the pretrial conference; where a party to the action is not an individual, said party shall have in attendance, at the pretrial conference, a representative with full settlement authority;

(9) at the time of the pretrial conference, counsel shall FILE with the Clerk, shall SUBMIT a copy to the Court, and shall PROVIDE a copy to opposing counsel of proposed findings of fact and conclusions of law;

(10) TWO WORKING DAYS prior to the trial of this action, counsel shall submit to the Court a copy of each documentary exhibit; and

3

(11) this action is ASSIGNED for TRIAL BY THE COURT on TUESDAY, SEPTEMBER 21, 2004, AT 9:00 A.M, **AT LEXINGTON.**

(12) **ALL DISCOVERY DISPUTES ARE REFERRED TO <u>MAGISTRATE JUDGE JAMES B. TODD</u> FOR RESOLUTION, PURSUANT TO TITLE 28, U.S.C., SECTION 636(b)(1)(A). FIRST, THE PARTIES SHALL ATTEMPT TO RESOLVE THE DISPUTE AMONG THEMSELVES.**

**SECOND, IF THE PARTIES ARE UNABLE TO RESOLVE THE DISPUTE, THEY SHALL ATTEMPT TO RESOLVE THE DISPUTE WITH THE MAGISTRATE JUDGE BY TELEPHONE.**

**THIRD, IF AFTER THE TELEPHONE CONFERENCE WITH THE MAGISTRATE JUDGE THE DISPUTE IS NOT RESOLVED, I.E. THE PARTY SEEKING DISCOVERY IS STILL UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING FROM THE TELEPHONE CONFERENCE, THAT PARTY MAY FILE A WRITTEN MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS <u>DIRECTED TO THE MAGISTRATE JUDGE</u>. LIKEWISE, IF AFTER THE TELEPHONE CONFERENCE, THE PARTY RESISTING DISCOVERY IS UNSATISFIED WITH THE MAGISTRATE JUDGE'S ORAL OR WRITTEN RULING, THEN THAT PARTY MAY REQUIRE THE OTHER PARTY TO FILE A FORMAL MOTION TO COMPEL CONTAINING APPROPRIATE FACTUAL AND LEGAL ARGUMENTS <u>DIRECTED TO THE MAGISTRATE JUDGE</u>. THE TIME PERIOD FOR FILING THE MOTION TO COMPEL AND THE RESPONSE AND ANY REPLY SHALL BE SET BY THE MAGISTRATE JUDGE IN HIS DISCRETION.**

**THE FOURTH AND FINAL OPTION FOR A PARTY STILL OBJECTING TO THE MAGISTRATE JUDGE'S RULING SHALL BE TO FILE OBJECTIONS WITH THE COURT WITHIN TEN (10) DAYS OF THE MAGISTRATE JUDGE'S RULING PURSUANT TO FED.R.CIV.P. 72(a). ONLY AFTER ALL THE ABOVE STEPS**

4

**HAVE BEEN COMPLETED WILL THE COURT ENTERTAIN A MOTION TO REVIEW THE MAGISTRATE JUDGE'S FINAL DECISION TO DETERMINE WHETHER IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

THE COURT REQUIRES STRICT COMPLIANCE WITH THE TERMS OF THIS ORDER.   FAILURE TO COMPLY WILL RESULT IN THE IMPOSITION OF SANCTIONS.

This the 13th day of August, 2003.

*KSF*
KARL S. FORESTER, CHIEF JUDGE