Eastern District of Kentucky
**FILED**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

MAR 3 0 2004

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No.: 6:03-206-KSF |
| | ) |
| DAIRY FARMERS OF AMERICA, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 7.1, and this Court's August

13, 2003, Scheduling Order, Plaintiffs United States and the Commonwealth of Kentucky

("Plaintiffs"), hereby respectfully submit this Memorandum in support of their Motion for Leave to

File Amended Complaint.


**PROCEDURAL POSTURE**

Plaintiffs filed suit on April 24, 2003, to end the unlawful partial common ownership by

Dairy Farmers of America, Inc. ("DFA") of two suppliers of milk to school children in areas of

Kentucky and Tennessee. On October 27, 2003, this Court modified the Scheduling Order to extend

discovery to April 30, 2004. The parties have been engaged in discovery since November 10, 2003.

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interests of justice so require. Additionally, the Sixth Circuit has a liberal policy of allowing amendments to a complaint. Granting this motion allows Plaintiffs to describe in further detail the markets at issue in this action, eliminating disputes over form that would waste this Court's time.

In its original complaint, the United States described over one hundred public school districts that purchase school milk as separate geographic areas where DFA's common 50% ownership of the Southern Belle dairy and National Dairy Holdings (including the Flav-O-Rich dairy) would most likely reduce competition for school milk contracts. The Amended Complaint makes clear that the few districts that solicit and accept school milk bids only as a group are considered together for antitrust purposes as a separate "geographic market." This grouping together of some districts for market-definition purposes does not add any districts to those allegedly affected by DFA's conduct, as shown in the lists of districts provided as Attachments A and B to the Amended Complaint.[1]

Defendants will not suffer undue prejudice from the filing of Plaintiffs' Amended Complaint because: 1) the market definition asserted in the Amended Complaint is more specific than that asserted in the Complaint; 2) the school districts allegedly harmed in the Amended Complaint are all listed in the original Complaint; 3) the more-specific market definition is being asserted before the close of discovery and within the time frame to amend pleadings set out in the Scheduling Order;

---

[1] Based on information obtained after the filing of the original Complaint, two districts listed in Attachment A as merger-to-monopoly districts are now listed in Attachment B as merger-to-duopoly districts and one district is no longer included in Attachment B. Also the names of two county-wide districts in Attachment B mislabeled as city districts and two independent district listed in Attachment B mislabeled as a county districts have been corrected.

2

4) Defendants' discovery has only been through documents and interrogatories thus far—they have not taken any depositions as of March 30, 2004; and 5) the newly-alleged facts in the Amended Complaint are already well-known to Defendants and in their possession.

## STATEMENT OF FACTS

Public school districts in Kentucky and Tennessee are required to put contracts over a certain size up for public bid. Most districts receive, evaluate, and award bids on an individual basis. For various reasons, school districts sometimes decide to join with other districts and solicit bids for items such as school milk as a group.

Attached to this memorandum is a comparison copy of the section of the Amended Complaint that shows the changes to the original Complaint. These changes are meant to account for the small number of school districts at issue in this action that bind themselves to a collective bidding process and require bidders to submit a uniform bid for all of these districts, and if successful, to serve all of them.[2]

## ARGUMENT

### I.   The Efficient Administration of Justice Requires That Plaintiffs be Given Leave to File an Amended Complaint

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." This standard is readily met here, as the more detailed description of the markets at issue in the Amended Complaint narrows the scope of the issues

---

[2] As described above, Attachments A and B to the Amended Complaint reflect revisions based on new information and corrections to the attachments to the original Complaint.

presented in this litigation and will prevent the Court's time from being wasted at trial.

## II.   Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.—the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applies a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, e.g., Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

No such prejudice exists here. The facts described in the Amended Complaint are well-known to Defendants, because they bid on the milk contracts of school districts that act cooperatively as described in the Amended Complaint. The school districts identified in the Amended Complaint were all at issue in the original Complaint. Moreover, the parties still have one month to conduct additional discovery. Defendants are not wanting for any additional information from Plaintiffs regarding the markets alleged in the Amended Complaint because Plaintiffs have already produced those documents they received from the school districts described in the Amended Complaint. Moreover, Defendants have yet to conduct any of the twenty-five depositions they are allowed to take under this Court's Order of October 27, 2003.[3]

Similarly, none of the other *Foman* factors are present. Plaintiffs are submitting the

---

[3] Defendants have noticed their first deposition of a third party for April 15, 2004. Defendant DFA is also negotiating with Plaintiffs the taking of a deposition of the United States pursuant to Federal Rule of Civil Procedure 30(b)(6).

4

Amended Complaint within the time allowed to amend pleadings under this Court's Scheduling Order of August 13, 2003. The Sixth Circuit has allowed amendment even after the expiration of discovery and after the time for amended pleadings in the scheduling order. *See, e.g., United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (allowing United States to add a claim fourteen months after suit was filed, after discovery had closed, and three weeks before trial). The Amended Complaint does not add any causes of action, but rather more clearly describes the markets at issue in the causes of action identified in the original complaint, *i.e.*, Defendant DFA's violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and KRS § 367.110, *et seq.*

## CONCLUSION

For the above reasons, Plaintiffs' Motion for Leave to File Amended Complaint should be granted.

Respectfully submitted,

For Plaintiff United States of America:

John R. Read
Ihan Kim
U.S. Department of Justice
Antitrust Division
1401 H Street, N.W., Suite 4000
Washington, D.C. 20530
Tel. 202-307-0001

March 30, 2004

For Plaintiff Commonwealth of Kentucky:

David R. Vandeventer
Assistant Attorney General
Kentucky Bar No. 72790
Office of the Attorney General of Kentucky
1024 Capital Center Drive
Frankfort, KY 40601
Tel. 502-696-5385

March 30, 2004

5