UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

AUG 2 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 03-206-KSF

UNITED STATES OF AMERICA, et al.,                                    PLAINTIFFS

V.                                    **OPINION & ORDER**

DAIRY FARMERS OF AMERICA, et al.                                    DEFENDANTS

* * * * * * * * * * * * *

Presently before the Court is the Chicago Tribune Company's Motion to Unseal Court Records [DE #177]. Having been fully briefed, this matter is ripe for review.

## I.   RELEVANT BACKGROUND

On April 24, 2003, the United States and the Commonwealth of Kentucky brought this anti-trust action against the defendants who are business entities in the dairy industry. Subsequently, the Court entered a Protective Order governing documents produced in discovery upon the joint motion of the parties. The Protective Order permitted documents to be designated "Confidential" and "Highly Confidential" by the source of the documents without the Court's approval and based only on the belief held by the source of the document that it should be subject to confidential treatment. The Protective Order prescribed conditions of the disclosure and use of documents designated Confidential and Highly Confidential and provided that pleadings, motions, briefs, memoranda and other submissions could be redacted to exclude information designated Confidential and Highly Confidential.

The Court did not make any determination regarding the necessity of sealing any particular

submission. Numerous documents were, however, designated by the parties as Confidential or Highly Confidential and were filed in the record.

On August 30, 2004, the Court granted the defendants' summary judgment motions and denied the government's motion for partial summary judgment. Subsequently, The Chicago Tribune Company ("Tribune") filed a Motion to Intervene and Unseal Records. The defendants and the government have filed responses to this motion and the Tribune has replied. In addition, on January 7, 2005, the government and the Tribune filed a Stipulation agreeing that records produced by certain third parties are not subject to the Tribune's motion. Dean Foods Company ("Dean") and Allen Family Limited Partnership ("Allen") have both intervened for the purposes of addressing the Tribune's motion to unseal records in this action.

## II.    CHICAGO TRIBUNE COMPANY'S MOTION TO UNSEAL COURT RECORDS

In its motion to unseal the records in this action, the Tribune asserts its First Amendment and common law rights. The Tribune argues that the records in this action have been filed under seal improperly and in violation of the Tribune's First Amendment and common law rights.

The Sixth Circuit acknowledges the discretion of district courts to issue protective orders. However, a court cannot abdicate its responsibility to determine whether filings should be made available to the public. Procter & Gamble v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996). In the present action, depositions, statements, exhibits and Court submissions are under seal pursuant to the Protective Order, which permits the determination of whether to seal documents to be made by the litigants rather than the Court. Therefore, the Tribune argues that the Court has abdicated its First Amendment obligation and improperly permitted parties to adjudicate the matter. Furthermore, the Tribune notes that legal memoranda and other submissions specifically

2

exempted from being sealed pursuant to paragraph twelve (12) of the Protective Order, were nonetheless improperly submitted under seal. For all of these reasons, the Tribune requests that the Court unseal the sealed documents in this action.

The government did not object to the Tribune's motion to unseal records insofar as it applies to documents produced by the defendants and their affiliates. In it's response, the government notes that the Court's Protective Order allowed the parties to safeguard the confidential information of the parties and third parties before trial; provided procedures to ensure that pretrial submissions would be publically available; and provided procedures by which confidential information could be used by the parties during hearings and at trial. Paragraph twelve (12) of the Protective Order sought to balance the public's right of access to pretrial court submissions with the privacy interest of entities that produced confidential information. However, the government argues that the defendants have failed to comply with the Protective Order by over-designating information as confidential and by not redacting copies of memoranda supporting their motions.

The government and the Tribune tendered a stipulation to the Court on January 7, 2005. This stipulation states that it does not seek to unseal certain documents produced by certain third parties to this Court. The government respectfully submits that documents from these third parties should remain under seal.

In their response to the Tribune's motion, the defendants note that the government requested and obtained tens of thousands of pages of documents from the defendants regarding their business structure, the manner in which they formulate business decisions and their methods of competing. Because of the vast number of documents produced, the defendants argue that it is

3

impractical to expect the Court to inspect each document to determine which documents contain confidential information.

The defendants state that they, and third parties, produced documents in reliance on the Protective Order, and many were so confidential that they could only be disclosed to the parties' counsel and not the parties themselves. As a result of this reliance on the Protective Order, the defendants state that the Tribune must demonstrate an "extraordinary circumstance" or "compelling need" for this Court to modify the Protective Order. In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 478 (6th Cir. 1983).

The defendants further argue that the Tribune is not entitled to review every document filed in a court record pursuant to the common law or the First Amendment. "It has generally been held that the First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally." United States v. Miami University, 294 F.3d 797, 820-21 (6th Cir. 2002). Instead, the public's right to review court documents must be weighed against the confidential nature of the documents.

The defendants argue that if the Court agrees that the Tribune is entitled to review sealed records, the defendants should be provided an opportunity to present the records to the Court in a confidential proceeding so that confidential business information affecting the defendants' competitive standing is not released. The defendants claim that their privacy rights are amplified by the fact that this case is about competition, which requires evidence about the competitive standing of the parties and third parties. For all of the listed reasons, the defendants oppose the Tribune's motion to unseal the records in this action.

Allen intervened in this action for the purpose of opposing the motion of the Tribune to

4

unseal documents maintained by the Court under seal.  Allen argues that it produced documents
to the United States pursuant to the Protective Order.  The documents produced implicate well-
recognized privacy concerns and contain highly confidential, competitively sensitive business
information.  Therefore, Allen opposes any modification of the Protective Order.

Dean also intervened for the purpose of opposing the motion of the Tribune.  In its
response, Dean argues that disclosure of the information filed under seal could harm Dean
competitively and may also reduce competition generally to the detriment of consumers.  Dean
particularly objects to the unsealing of two specific documents which Dean argues are not
relevant to the interest identified by the Tribune.  Dean argues that when a motion to unseal
previously protected materials is filed, the Court must balance the interest in disclosure against the
interests in maintaining confidentiality.  In re Knoxville News-Sentinel Co., 723 F.2d 470, 474
(6th Cir. 1983).  Disclosure in this case would not be in the public's best interest, Dean argues,
because disclosure could reduce competition and ultimately harm consumers.

The Tribune filed a combined reply to the plaintiffs' and defendants' responses.  In its
reply, the Tribune states that the defendants' reliance on the Protective Order does not alter the
fact that in implementing a protective order that permits the sealing of court records, a district
court cannot abdicate its responsibility under Fed.R.Civ.P. 26(c) to insist upon "good cause" that
each particular document should be sealed.  Bankers Trust Co., 78 F.3d at 227.  In addition, the
Tribune argues that the defendants have failed to provide the requisite level of justification for
sealing so many documents.  A conclusory statement that the disclosure of records will injure the
defendants with respect to their competitors is insufficient to justify sealing such records.

In its reply to Dean's response, the Tribune argues that Dean's reliance upon the

5

Protective Order does not constitute the required good cause for sealing records. Furthermore, the Tribune argues that Dean's interests in closure do not overcome the First Amendment presumptions in favor of access to Court records. "Only the most compelling reasons can justify non-disclosure of judicial records." Knoxville News-Sentinel, 723 F.2d at 476. The Tribune claims that Dean has failed to demonstrate the substantial probability of harm.

The defendants in this matter filed a sur-reply to the plaintiffs' response arguing that the current position taken by the plaintiffs is inconsistent with their previous position in this action. Instead of protecting competition by preventing the defendants and third parties from reviewing each other's confidential information, which was the entire purpose of the two-tiered structure of the Protective Order and the premise of the government's claims, the government now asks the Court to release the defendants' information to everyone. The Court has taken this argument into account.

## III.    ANALYSIS

Federal Rule of Civil Procedure 26(c) addresses Protective Orders. Pursuant to this rule, trade secrets or other confidential research, development or commercial information cannot be revealed or can only be revealed in a designated way. Fed.R.Civ.P. 26(c)(7). However, "[r]ule 26(c) allows the sealing of court papers only 'for good cause shown' to the court that the particular documents justify court-imposed secrecy." Procter & Gamble Company v. Bankers Trust Company, 78 F.3d 219, 227 (6th Cir. 1996).

District Courts have the discretion to issue protective orders when they believe that 'good cause' has been shown. Id. District courts cannot, however, abdicate their responsibility to oversee the discovery process and the task of determining whether filings should be made

available to the public. Id. Rather, the Court must make "sufficiently specific" findings on a "document-by-document basis" regarding the sealing of documents. NBC v. Presser, 828 F.2d 340, 346 (6th Cir. 1987). For example, a showing that the information contained in the documents in question would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records. Brown & Williamson Tobacco Corp. v. Federal Trade Commission, 710 F.2d 1165, 1179 (6th Cir. 1983).

For the foregoing reasons, the Court feels that it is important to conduct a document-by-document review in order to determine which, if any, documents need to remain under seal.

## IV. CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS that this matter is referred to Magistrate Judge James B. Todd, to perform a document-by-document review in order to make "sufficiently specific" findings regarding each document.

This _23_ day of August, 2005.

KARL S. FORESTER, SENIOR JUDGE

7