UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-206-KSF

UNITED STATES OF AMERICA, ET AL.,                                                             PLAINTIFFS

V.                                 **MEMORANDUM ORDER**

DAIRY FARMERS OF AMERICA, INC., ET AL.,                             DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

This matter is presently before the court on the objections filed by the Chicago Tribune Company (hereafter "Tribune"), a non-party herein, to the Magistrate Judge's Order of September 22, 2005, and motion to reconsider and set aside said Order of September 22, 2005. [Record No. 216]. Defendants having filed a response to the Chicago Tribune's objections/motion to reconsider and set aside, this matter is ripe for review.

## II. FACTUAL AND PROCEDURAL HISTORY

On April 24, 2003, plaintiffs United States of America and the Commonwealth of Kentucky filed this anti-trust action against defendants Dairy Farmers of America, Inc. ("DFA"), and Southern Belle Dairy Co., LLC ("Southern Belle"), challenging DFA's acquisition of a controlling interest in Southern Belle in February of 2002, as being in violation of certain anti-trust laws. Specifically, plaintiffs alleged that the effect of DFA's acquisition of control of Southern Belle "may substantially to lessen competition" in violation of the Clayton Act, 15 U.S.C. § 18.

To facilitate discovery, upon the joint motion of the parties, on October 17, 2003, the court entered a Stipulated Protective Order herein, which permitted documents to be designated "Confidential" and "Highly Confidential" by the source of the documents, without the court's approval and based only on the belief by the source of the document that a document should be subject to confidential treatment. This Protective Order also established conditions for the disclosure and use of documents designated "Confidential" and "Highly Confidential" and provided that

pleadings, motions, briefs, memoranda, etc., could be redacted to exclude information designated as "Confidential" and "Highly Confidential." Although this Protective Order contained no provision for the filing of any particular documents under seal, numerous documents were designated by the parties as "Confidential" or "Highly Confidential" and were filed of record under seal.

On August 31, 2004, the court granted defendants' motions for summary judgment and denied the motion of the United States of America for partial summary judgment. [Record No. 159]. Thereafter, on October 28, 2004, plaintiffs United States of America and the Commonwealth of Kentucky appealed this matter to the United States Court of Appeals for the Sixth Circuit.

Subsequently, on November 24, 2004, the Tribune moved for leave to intervene herein for the purpose of asserting First Amendment and common law rights claims and moved to unseal court records. [DE #177]. Following the full briefing of the Tribune's motion to intervene and unseal court records, by Order of August 23, 2005, the court referred this matter to the Magistrate Judge to perform a "document-by-document" review of the documents filed under seal in order to determine which documents, if any, should remain under seal.

After this action was referred to the Magistrate Judge and after the Magistrate Judge had had the opportunity to review this matter, in preparation for his "document-by-document" review of the sealed documents, in compliance with the referral order of August 23, 2005, the record reflects several Orders entered by the Magistrate Judge which the Magistrate Judge deemed were necessary before his review could take place. For example, (1) by two, separate Orders entered on September 15, 2005, the Magistrate Judge directed plaintiffs and defendants to submit redacted versions of numerous exhibits and filings directly to the Magistrate Judge's chambers, and (2) by Order of September 16, 2005, in an effort to streamline his document review, the Magistrate Judge directed the parties to designate those documents, if any, to which the parties had no objection to being unsealed. Thereafter, on September 22, 2005, for the reasons stated therein, the Magistrate Judge entered the Order at issue, denying without prejudice the Tribune's motion to unseal records pending

resolution of the appeal of this matter, emphasizing that the Tribune was free to renew its motion to unseal court records following the conclusion of the appeal.

On October 25, 2005, the United States Court of Appeals for the Sixth Circuit reversed the summary judgment granted to defendants and remanded this matter to the district court for trial. *See United States of America, et al. v. Dairy Farmers of America, Inc., et al.,* ____ F.3d ____, 2005 WL 2739467 (6th Cir. (Ky.) Oct. 25, 2005).

### III. TRIBUNE'S OBJECTIONS/MOTION TO RECONSIDER AND SET ASIDE

In support of its objections to the Magistrate Judge's Order of September 22, 2005, and motion to reconsider and set aside same, the Tribune asserts that the Magistrate Judge failed to comply with the referral order and suggests that the Magistrate Judge abused his authority by denying its motion to unseal court records.

#### Analysis

At the outset, the court notes that the Tribune erroneously refers to the Magistrate Judge's Order of September 22, 2005, as an "Order of Dismissal," implying that said Order was an improper ruling on the merits of its motion to unseal court records. In a nutshell, the Tribune has mischaracterized the Order of September 22, 2005, which clearly indicates that it is not a ruling on the merits of the Tribune's motion to unseal court records. The Order explains that due to the pendency of the appeal before the Sixth Circuit, where there were also sealed records, it would be unwieldy and would create "administrative chaos" to unseal any court records *at this time*.

Upon review of the various Orders entered by the Magistrate Judge subsequent to the referral of this matter to him, it appears that based on his review of this matter thus far, the Magistrate Judge was inclined to grant, at least in part, the Tribune's motion to unseal court records, but, upon further consideration, concluded that in the interests of judicial economy, the orderly administration of justice, and caseload management, the status quo should be preserved pending resolution of the appeal. The Order of September 22, 2005, also operated to remove a long-standing motion that had been filed on November 24, 2004, and thus had been pending for nearly ten (10) months, from the court's pending motions report. Thus, by entering the Order in question, the Magistrate Judge was also assisting the court in caseload management and docket control. With an ever-growing caseload,

3

effective caseload management and docket control are critical in the struggle to maintain judicial efficiency.

The court is unpersuaded by any argument made by the Tribune that its First Amendment rights have been violated by the Magistrate Judge's Order of September 22, 2005. To reiterate, that Order was not a ruling on the merits of the Tribune's motion and specifically advised the Tribune that it could renew its motion to unseal court records once the appeal was resolved. Thus, the Tribune has not been prejudiced by the Order of September 22, 2005, and any delay is *de minimus*, especially given the fact that the Tribune did not move to intervene and unseal court records while this action was pending in the district court and waited until this action was on appeal at the Sixth Circuit before filing said motion.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Tribune's objections to the Magistrate Judge's Order of September 22, 2005 [Record No. 16] are **OVERRULED**.

2. The Tribune's motion to reconsider the Magistrate Judge's Order of September 22, 2005 [Record No. 216] is **GRANTED**.

3. Having reconsidered the Magistrate Judge's Order of September 22, 2005, the Tribune's motion to set aside said Order [Record No. 216] is **DENIED**, and the Magistrate Judge's Order of September 22, 2005, is **AFFIRMED**.

This _10th_ day of November, 2005.

KARL S. FORESTER,
SENIOR DISTRICT JUDGE

---

[1] This action was filed on April 24, 2003, summary judgment was entered on August 31, 2004, and the Tribune did not file its motion to intervene and unseal court records until November 24, 2004, one year and seven months subsequent to the filing of the complaint.

4